### ASHCRAFT vs. FLINT.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

The curator of an estate belonging to a minor heir cannot confess judgement in favor of a creditor of the estate, and allow the property to be sold in pursuance thereof. The curator has no authority to discharge a debt by the succession in any other mode than by a sale under the authority of the Court of Probates.

The plea of prescription cannot avail a purchaser claiming property under a defective title, derived from an irregular sale of minors' property, when ten years have not elapsed at the inception of the suit, since the minor came of age.

This is a petitory action for two lots of ground in the town of Alexandria, in the possession and claimed by the defendant as curator of the vacant estate of one James O'Daniel. The plaintiff claims title regularly derived from Alexander Fulton and wife, who laid off the town and sold the lots.

The defendant derives title from a judgement confessed by the curator of D. Davis's estate, in favor of one Charity Walthers. Curtis's appointment as curator was made at the foot of the judgement he confessed, against the estate he was appointed to represent and administer. Davis had purchased the lots from Fulton, and his heir, Thomas Davis, conveyed them to J. Taylor, who sold and conveyed them to the plaintiff.

The defendant averred he had been long in peaceable possession of the property, under a *bona fide* title, translative of property; he therefore pleads the prescription of ten and twenty years.

The confession of judgement was made May 26, 1817, and suit commenced in 1828.

*Dunbar* and *Rigg*, for plaintiff, contended:

1. That this suit should be dismissed. The citation had not been served within the year allowed for the appeal, and no correction in the service of the appeal could be made after the expiration of that time.

2. The judgement under which the defendant claims title to the lots was rendered by consent of Davis's curator, who had no right to give it, and the whole proceeding in obtaining the judgement and selling the property was illegal, null and void.

*Flint*, *in propria persona*, in reply, said:

1. Service of the citation was made on the attorney of the appellee, who is his agent, and in his absence the only agent known to the law, &c.

Western Dis.
October, 1832.

ASHCRAFT
vs.
FLINT.

2. The sheriff's deed to C. Walthers ought to have been read on the trial. It was evidence at least of its contents, being an official act of a public officer.

3. Proof by witnesses ought to have been admitted to show the loss of the execution under which the sheriff made the sale to C. Walthers. The case ought to be remanded to let in this testimony.

PORTER, J., delivered the opinion of the court.

This is a petitory action. Both parties claim the premises under one Daniel Davis, who acquired the lots from the original grantee. The plaintiff's title is derived from the son and heir of the deceased. The defendant's from a judgement obtained against a curator appointed to his estate, and execution and sale by the sheriff in pursuance of that judgement.

On the trial, two bills of exception were taken by the defendant, to the rejection by the court of testimony offered by him, to prove the loss of the execution under which the sheriff had made the sale already alluded to. We do not find it necessary to express an opinion on these exceptions, because, were we satisfied the court erred, we could not remand the cause to admit testimony which, if now before us, would not enable the defendant to sustain the right set up by him to the property in dispute.

The execution, no matter how correct and formal, could not cure the defect which the judgement presents. The curator was appointed to the vacant estate of Davis, the 26th of May, 1827, and on the same day, or within one or two days after, without inventory, appraisement, or the pursuance of any one formality which the law required in the discharge of his duty, he confessed judgement in favor of the plaintiff, in the following words: "By consent of parties, it is ordered and decreed by the court, that the plaintiff recover of the defendant the sum of one thousand three hundred and forty dollars in the petition mentioned; and that the plaintiff agrees to take the two lots, numbered 1 and 2, in square number

The curator of an estate belonging to a minor heir cannot confess judgement in favor of a creditor of the estate, and allow the pro-

10, in the town of Alexandria, with the houses and improvements, are to be taken in execution, by the sheriff of the parish of Rapides, and sold according to law, to satisfy the said judgement and costs."

The plaintiff was a minor at the time this sale took place, and his property could not be alienated in the mode it was attempted here. The curator had no authority to discharge a debt due by the succession, in any other manner than by a a sale under the authority of the Court of Probates. Had he confined himself to the mere acknowledgement of a debt, and suffered execution to run in the ordinary way, a question might be raised, whether the act was void or voidable. But the situation of a particular piece of property, and the agreement the creditor should have it in discharge of his claim, was entirely out of the scope of the powers conferred on the curator, and could vest no right in the creditor purchasing it at the public sale.

The plea of prescription cannot avail the defendant; for ten years had not elapsed at the inception of the suit, from the time the minor heir came to the age of majority.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*perty to be sold in pursuance thereof. The curator has no authority to discharge a debt by the succession in any other mode than by a sale under the authority of the Court of Probates.*

*The plea of prescription cannot avail a purchaser claiming property under a defective title, derived from an irregular sale of minors' property, when ten years have not elapsed at the inception of the suit, since the minor came of age.*